UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,  :
: NO. 1:08-CR-00046
:
v.  :
: **OPINION AND ORDER**
:
OMAR JONES  :
:
:

This matter is before the Court on Defendant's Motions to Suppress (docs. 13, 44), and the government's Responses (docs. 22, 46). The Court held a hearing on this motion on May 26, 2009. For the reasons stated herein, the Court DENIES Defendant's motions.

**I. Background**

The relevant facts, as represented by the parties in their briefs and presented as evidence at the hearing in this matter, are as follows. Cincinnati Police Officers were conducting an undercover investigation in a "high crime area" at an apartment complex at 2512 Highland Ave. During this investigation in late November and early December 2007, a confidential informant made three controlled drug buys of cocaine base from Defendant Jones behind or inside the apartment complex. After police terminated the investigation, they determined that Defendant had open warrants, and on December 13, 2007, went to the Highland apartments to arrest Defendant on the open warrants and the controlled buys. When police approached the Highland apartment, they spotted

Defendant. Defendant fled, throwing a 9mm pistol as he ran. Officer Jones intercepted Defendant and deployed a taser on Defendant twice. Defendant was then placed in handcuffs and arrested. Specialist Fangman and Officer Jones testified that following the tasing, Defendant appeared coherent, was advised of his Miranda rights at the scene, and that he subsequently made admissions against interest. During a search of his person, officers found a plastic baggie of cocaine and a scale with residue on it. Immediately after Defendant's arrest, the officers searched the common laundry room of the apartment complex where Defendant had been standing before he fled and found a open bag of wet cocaine base.

During Defendant's in-processing, he was again read his rights, signed a Miranda form, and was interviewed. At that time, Defendant denied his earlier admissions against interest. Defendant gave his address as 2587 Eastern Avenue, Cincinnati, Ohio 45202.

Police also executed a search of 2516 Highland Avenue #16, the apartment of Marquetta Coleman. The government states that this was a consensual search, and that items associated with narcotics distribution were seized. Further, Ms. Coleman made statements incriminating the Defendant.

On April 16, 2008, a jury indicted Defendant for three counts of distribution of cocaine base, in violation of 21 U.S.C.

§§ 841 (a)(1) and (b)(1)(C); two counts of possession with intent to distribute cocaine base, in violation of 21. U.S.C. §§ 841 (a)(1) and (b)(1)(B)(iii); one count of felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. §924(a)(2); and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §924(c)(1)(A)(i) (doc. 2). Defendant is now moving to suppress the evidence recovered during the search of his person, recovered from the apartment of Marquetta Coleman, and any statements made by Defendant at the scene (docs. 13, 44).

**II. Discussion**

**A. First Motion to Suppress (doc. 13)**

In the first motion to suppress, Defendant argues that his arrest, and the subsequent search were in violation of his Fourth Amendment rights, contending that he was arrested without probable cause (doc. 13). Defendant makes the argument that if the controlled buys and outstanding warrants were the basis for his arrest, then he should have been arrested sooner than he was (Id.). At the hearing, defense counsel suggested that Defendant may not have understood the reading of Miranda rights due to the effect of the taser, and therefore any statements made must be suppressed (Id.).

The government argues that this arrest was based on valid open warrants as well as the controlled buys. The government further

argues that even if this was not sufficient to justify Defendant's arrest, there existed independent reasonable suspicion for the detention under Terry v. Ohio, 392 U.S. 1 (1968). The government states that Defendant was fully advised of his Miranda rights immediately after his arrest, and notes that when he signed the acknowledgment form during his booking process he initialed a statement that he had been given his rights at the scene.

The Court finds the government's position well-taken. Defendant's open arrest warrant, as well as the three previous controlled drug buys are sufficient to justify Defendant's arrest and the subsequent search of his person. Further, despite defense counsel's suggestion otherwise, the undisputed evidence is that at the time Defendant was advised of his Miranda rights he was coherent and understood those rights.

**B. Defendant's pro se motion (doc. 44)**

In his pro se motion, Defendant argues that the search of Marquetta Coleman's apartment at 2516 Highland Avenue #16 ("Coleman apartment") was made without warrant or consent in violation of the Fourth Amendment (doc. 44). The government contends that Defendant lacks standing and a reasonable expectation of privacy to challenge the search.

Having reviewed this motion, the Court finds the government's position well-taken. "The [Fourth] Amendment protects persons against unreasonable searches of 'their persons [and]

houses' and thus indicates that the Fourth Amendment is a personal right that must be invoked by an individual...[b]ut the extent to which the Fourth Amendment protects people may depend upon where those people are." Minnesota v. Carter, 525 U.S. 83, 88 (1998). Given the facts properly before the Court, Defendant has no standing to challenge the search warrant of the Coleman Apartment. For Defendant to claim the protection of the Fourth Amendment he must "demonstrate that he personally has an expectation of privacy in the place searched." Minnesota v. Carter, 525 U.S. 83, 88 (1998). When questioned by police officers, Defendant denied any connection to the Coleman apartment, and no witness or evidence was offered at the hearing to suggest otherwise.

**III. Conclusion**

For the foregoing reasons, the Court DENIES Defendant's Motions to Suppress (docs. 13, 44).

SO ORDERED.

Dated: May 26, 2009 /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge