UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :
: NO. 1:08-CR-00046
:
v. :
: **OPINION AND ORDER**
:
OMAR JONES :
:
:

This matter is before the Court on Defendant's Pro Se Motion for a New Trial (doc. 103), and the government's Response in Opposition (doc. 104). For the reasons stated herein, the Court DENIES Defendant's motion.

On June 3, 2009, after a jury trial, the jury found Defendant Omar Jones guilty on two counts of distribution of cocaine base, and one count of distribution of cocaine, all in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C); two counts of possession with intent to distribute cocaine base, in violation of 21. U.S.C. §§ 841 (a)(1) and (b)(1)(B)(iii); one count of felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. §924(a)(2); and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §924(c)(1)(A)(i) (doc. 99). Defendant now moves for a new trial, stating that one of the jurors for his trial had a relationship as hair stylist and client with Defendant's mother that was never disclosed (doc. 103). Defendant argues that the juror may have

recognized him from pictures, knowledge of his last name (Jones), or from his mother's presence in the courtroom during the trial (Id.). Defendant states that the juror should have brought the alleged relationship to the Court's attention "to further question her about any bias or prejudice or any issues she might have against the defendant or his family" (Id.).

The government contests Defendant's request, arguing that during voir dire the juror in question was questioned by both parties, and neither the juror nor Defendant gave any indication of recognition (Id.). Further, the government points out that Defendant's mother was in the courtroom during both the last two days of the trial and during the polling of the jury after the verdict was rendered, and that neither the Defendant nor his mother voiced any concerns to the Court (Id.). The government argues that Defendant offers no proof or documentation that the juror was less than fair and impartial, or of any bias or prejudice against Defendant (Id.). Absent proof or documentation of prejudice or bias, the government argues, the Court cannot assume prejudice occurred (Id., citing United States v. Copeland, 51 F.3d 611, 613-14 (6th Cir. 1996)).

Federal Rule of Criminal Procedure 33 states "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Sixth Circuit interprets Rule 33 as giving the trial

court broad powers to grant a new trial if for any reason it concludes that a trial resulted in a miscarriage of justice, whether the new trial motion is based on newly discovered evidence, Hoffa, supra, unauthorized contact with jurors, U.S. v. Pennell, 737 F.2d 521, 533 (6th Cir.1984), or juror misconduct, Zuern v. Tate, 336 F.3d 478, 486 (6th Cir.2003). In recognizing the trial judge's broad discretion in ruling on a defendant's Rule 33 motion, the Supreme Court has held "due process does not require a new trial every time a juror has been placed in a potentially compromising situation." Smith v. Phillips, 455 U.S. 209, 217 (1982).

The test generally used for granting a new trial on the basis of juror misconduct is whether there was actual prejudice to the defendant, and the question is whether the misconduct has prejudiced the defendant to the extent that he has not received a fair trial. State v. Phillips, 102 Conn. App. 716, 927 A.2d 931 (2007). When faced with a claim like Defendant's, a district court "must exercise judicial discretion to determine what steps, if any, are required to make certain that a jury has not been tainted." United States v. Rigsby, 45 F.3d 120, 124-25 (6th Cir.1995). A hearing is required only when there is a "credible allegation" of extraneous influence or information. United States v. Lloyd, 462 F.3d 510, 518 (6th Cir.2006); United States v. Orris, 86 F. App'x 82, 89 (6th Cir.2004); United States v. Corrado, 227 F.3d 528, 535

(6th Cir.2000); Rigsby, 45 F.3d at 124-25. Furthermore, the external contact must have "had an obvious potential for improperly influencing the jury." United States v. Frost, 125 F.3d 346, 377 (6th Cir.1997) (citing Rigsby, 45 F.3d at 124).

Defendant's allegation that a juror may have known who he was through Defendant's mother, an allegation which Defendant neglected to raise until after the verdict, does not have "an obvious potential for improperly influencing the jury," necessitating an evidentiary hearing. Id. Likewise, Defendant has presented no argument or evidence which would lead the Court to conclude that the juror in question's knowledge of Defendant, if any, prejudiced Defendant to the extent that he has not received a fair trial. Phillips, 102 Conn. App. 716. Therefore, the Court finds that a new trial is not warranted.

For the foregoing reasons, the Court DENIES Defendant's Motion for a New Trial (docs. 103).

SO ORDERED.

Dated: June 18, 2009     /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge