UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA       :
                               :   NO. 1:08-CR-00046
                               :
     v.                        :   **OPINION AND ORDER**
                               :
                               :
OMAR JONES                     :
                               :
                               :
                               :

      This matter is before the Court on Defendant's pro se Motion to Vacate Guilty Verdict and Enter a Judgment Dismissal With Prejudice (construed as a "Motion for Judgment of Acquittal") (doc. 112), Defendant's Supplement to Motion (doc. 118) and the United States's (the "Government") Response with Motion to Strike (doc. 126); Defendant's pro se Motion to Reconsider Earlier Ruling (doc. 125), Defendant's pro se Motion to Preserve Evidence (doc. 119) and the Government's Response with Motion to Strike (doc. 127); and Defendant's Motion to Continue Sentencing (doc. 131) and the Government's Memorandum in Opposition (doc. 136). The Court will address each Motion in turn.

**I. Documents 112, 118 and 126**

      On June 3, 2009, after a jury trial, the jury found Defendant Omar Jones guilty on two counts of distribution of cocaine base, and one count of distribution of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); two counts of possession with intent to distribute cocaine base, in violation of

21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(iii); one count of felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. §924(a)(2); and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §924(c)(1)(A)(i) (doc. 99). In document 112, Defendant requests that the Court vacate the jury's guilty verdict and "enter a judgement of dismissal," which the Court construes as a request for a judgment of acquittal.

As a preliminary matter, the Court is without power to dismiss charges once a jury has returned its verdict. Federal Rule of Criminal Procedure 48 permits dismissal by the Court, under certain circumstances, of an indictment, information or complaint, which is clearly not the case here. See Fed. R. Crim. P. 48(b). It is possible that Defendant intends his motion to be a motion for a new trial, as Federal Rule of Criminal Procedure 33 does permit the Court to vacate a jury's verdict and "grant a new trial if the interest of justice so requires," but a defendant must file a motion for a new trial within seven days after the jury's verdict. Fed. R. Crim. P. 33(a). Because Defendant has already been convicted by a jury, and now asserts that the verdict was flawed because of, inter alia, alleged perjured testimony, the Court construes Defendant's motion to vacate the jury's verdict and dismiss the judgment as being a motion for a judgment of

acquittal.[1]

Federal Rule of Criminal Procedure 29 sets forth the standard for a motion for a judgment of acquittal. Pursuant to that rule, after a jury's verdict, a defendant may move for a judgment of acquittal, but must do so within seven days after the guilty verdict or after the court discharges the jury, whichever is later. Fed. R. Crim. P. 29. Here, the jury entered its guilty verdict on June 3, 2009, and the Court discharged the jury on the same day. Therefore, regardless of whether Defendant's motion is construed as a Rule 33 motion or a Rule 29 motion, it is untimely, and this Court lacks jurisdiction to rule on it. See, e.g., Carlisle v. United States, 517 U.S. 416 (1996).

Assuming, arguendo, that the Court does have jurisdiction to hear Defendant's motion, the Court finds that the motion fails on the merits. Defendant argues, inter alia, that false and inconsistent statements were made by witnesses at his trial and that the Government knew about the allegedly fabricated testimony; that the police informant was incredible; that certain evidence was withheld; and that jurors lacked knowledge of the law (doc. 112). In his supplement to the motion, Defendant alleges further instances of withheld evidence and falsified testimony and that,

---

[1] If the motion is meant to be a Motion to Vacate under 28 U.S.C. § 2255, it is premature as Defendant has yet to be sentenced and such a motion is a motion attacking the sentence. Such relief is available only to sentenced prisoners in custody. See 28 U.S.C. § 2255(a).

because no officer testified about finding the crack cocaine, Defendant was denied the right to confront his accuser (doc. 118). In addition, Defendant requests that perjury charges be filed against him, apparently because he believes that through the litigation of those charges he will be able to prove that the police officers fabricated evidence against him in the instant case (doc. 112).

Defendant was represented by counsel at trial and Defendant's counsel subjected the Government's witnesses to rigorous cross examination. The purpose of cross-examination is to raise the very issues of credibility that the Defendant now argues. See U.S. v. Salerno, 505 U.S. 317, 328 (1992)(Stevens, J., dissenting)("Even if one does not completely agree...that cross-examination is 'beyond any doubt the greatest legal engine ever invented for the discovery of truth,' one must admit that in the Anglo-American legal system cross-examination is the principal means of undermining the credibility of a witness whose testimony is false or inaccurate."). The credibility of witnesses, including police officers and informants, however, is for the jury to assess, not the Defendant. Indeed, a fundamental premise of our criminal trial system is that "the jury is the lie detector." United States v. Barnard, 490 F.2d 907, 912 (9th Cir. 1973). Determining the weight and credibility of witness testimony, therefore, has long been held to be the "part of every case [that] belongs to the jury,

who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men." Aetna Life Ins. Co. v. Ward, 140 U.S. 76, 88 (1891).  Nothing suggests that the jury was not fair and impartial.  The Court understands that the Defendant disagrees with the jury's guilty verdict but finds his arguments in support of vacating that verdict entirely without merit.

To support his allegations that evidence was withheld, Defendant contends that he was never provided with a lab report that "compares the cutting percentage of the crack and pyrex jar;" a video tape "that the defendant has requested numerous times;" and "documents related to the bank statements" (doc. 112).  It is not clear exactly what pieces of evidence Defendant refers to but, in any event, to the extent this evidence exists and it was not provided to Defendant's counsel, Defendant has not shown that the jury verdict would have been different if Defendant's counsel had had access to the evidence.  See Johnson v. Bell, 525 F.3d 466, 475 (6th Cir. 2008).  Therefore, the Court finds that Defendant's motion for a vacated jury verdict   fails to the  extent it is premised on allegations of the withholding of evidence.

Further, Defendant's invitation to file perjury charges is more appropriately directed to the Government, not the Court, as the Court is without power to charge him with such a crime.  Even if the Court had the power, it  would decline the i nvitation to

exercise it.

On both jurisdictional and merit grounds, therefore, the Court DENIES Defendant's Motion to Vacate Guilty Verdict and Enter a Judgment Dismissal With Prejudice and its supplement (docs. 112 and 118).

**II. Documents 119, 125 and 127**

In document 119, Defendant requests that the "first audio tapes of the controlled buys be preserved." Defendant had earlier requested that these tapes be examined and enhanced (docs. 49 and 59), which the Government did. Presumably, Defendant now refers to the un-enhanced versions of the tapes. The Government represents that Defendant's counsel was given both the enhanced and the original tapes (doc. 127). As the tapes to which Defendant now refers are in the custody of his counsel, the Court finds his request for preservation moot and, accordingly, DENIES the request (doc. 119).

In document 125, Defendant requests that the Court reconsider its June 23, 2009, order denying as moot Defendant's request that the audio-taped interview at the Hamilton County Justice Center be preserved (doc. 108). The Government represents that these tapes were provided to Defendant's counsel (doc. 127). Accordingly, the Court finds his request for reconsideration moot and, accordingly, DENIES the request (doc. 125).

**III. Documents 131 and 136**

In document 131, Defendant, through counsel, moves the Court to continue his sentencing hearing because of pending federal legislation that could reduce the mandatory sentences for the possession of crack cocaine. The legislation to which Defendant refers, H.R. 3245, was approved by the Judiciary Committee of the House of Representatives on July 29, 2009 (doc. 131). The House bill would eliminate the 100-1 ratio of crack to powder cocaine on which the mandatory minimum sentence, to which Defendant was subject, is based (Id.). Defendant contends that this bill would have the effect of reducing his guideline range from its current 120-150 months to 37-46 months (Id __.). Defendant argues that judicial economy and fundamental fairness require that the Court continue Defendant's sentencing hearing until the resolution of this bill because a sentence imposed under the current scheme would be far harsher than a sentence imposed under a scheme post-reform and, because the changes could be retroactive, it would waste the Court's resources to sentence Defendant now and be forced to re-sentence him post-reform (Id.).

While the Court appreciates Defendant's position, the Court is unwilling to continue the sentence hearing on the basis of speculation. H.R. 3245, assuming it gets to the House floor sometime this fall as predicted, could look quite different once it leaves the House, if it even does. Certainly, changes could be

made at any step along the legislative process in either House of Congress.  And, of course, the bill could simply die a quiet death.

The Court is required to impose sentence without unnecessary delay.  Fed. R. Crim. P. 32(b).  Continuing a sentencing hearing on the basis of speculation about a particular bill heard by the House Judiciary Committee would constitute unnecessary delay.  The Court cannot continue sentencing every time a whiff of legislation that could touch upon a defendant's circumstances appears.  Defendant's concerns, while legitimate, are more appropriately lodged with Congress, not this Court.

The Court therefore DENIES Defendant's Motion to Continue Sentencing Hearing.

**IX. Conclusion**

For the foregoing reasons, the Court DENIES Defendant's Motion to Vacate Guilty Verdict and Enter Judgment a Judgment Dismissal With Prejudice (doc. 112), Defendant's Supplement to Motion (doc. 118), Defendant's Motion to Reconsider Earlier Ruling (doc. 125), Defendant's Motion to Preserve Evidence (doc. 119), and Defendant's Motion to Continue Sentencing Hearing (doc. 131).

SO ORDERED.

Dated: September 22, 2009  /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge