```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | NO. 1:08-CR-000046 |
| : | Civil NO. 1:13-CV-00218 |
| v. : | **OPINION AND ORDER** |
| OMAR JONES. : |  |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 176), the government's Response in Opposition (doc. 190), and Petitioner's Reply (docs. 181, 191).  For the reasons indicated herein, the Court DENIES Petitioner's motion, as well as the balance of his filings in this matter.

**I.  Background**

Defendant Omar Jones was indicted in April 16, 2008, on multiple counts of trafficking in narcotics[1] (doc. 2).  Defendant ultimately faced a five-day jury trial on the charges against him (docs. 142-45, 164).

At trial Cincinnati Police Officer Gary Fangman testified

---

[1] Petitioner was charged with three counts of distribution of cocaine base, three counts of possession with intent to distribute cocaine, being a felon in possession of a firearm, and possessing a firearm in furtherance of drug trafficking (doc. 2). The government further brought an eighth count in forfeiture as to the firearms and ammunition involved in the offenses (Id.).

that Fangman had used a confidential informant, Darrin Jarmon, to make controlled purchases of crack from Defendant (Id.). Fangman testified the investigation involved multiple purchases because Defendant had a history of drug trafficking (Id.). The Officers had attempted a purchase on November 20, 2007, but Defendant did not show up (Id.). However, according to both Fangman and Jarmon, on November 21st, 27th, and December 11th, 2007, Jarmon made controlled buys from Defendant (Id.). Jarmon further testified that on December 11th he observed Defendant cooking cocaine into crack. Jarmon indicated at one of the controlled purchases he witnessed Defendant had a gun (Id.).

Marquetta Coleman testified she used to buy crack from Defendant and on December 13, 2007, she let Defendant cook or prepare crack in her apartment, after which he left to sell it in a laundry room next door at 2512 Highland Avenue (Id.). Coleman also testified that V-8 bottles in her apartment belonged to Defendant (Id.).

Officer Fangman testified that on December 13th Defendant saw the officers arriving at 2512 Highland Avenue, recognized them despite their plainclothes, and fled (Id.). Officer Bell testified he pursued Defendant, yelled for him to stop, and saw Defendant drop a gun (Id.). Bell secured the gun (Id.). Officer Jones testified during Bell's pursuit of Defendant he saw Defendant motion to Defendant's waist, and heard the clank of a gun being

2

dropped (Id.).  Officer Jones testified that Defendant nearly ran directly into him, and he stopped Defendant by using a taser to subdue Defendant (Id.).  Officer Hubbard testified that he searched Defendant incident to the arrest, he found a bag of cocaine on Defendant's person, as well as a digital scale (Id.). Officer Fangman testified a search of the laundry room yielded crack cocaine, V-8 juice bottles, and a bank receipt (Id.).  A bank representative linked the receipt to Defendant (Id.).  Crime laboratory analysts testified as to the white substance found in the controlled buys and in the laundry room to be crack cocaine, and the substance found on Defendant's person to be cocaine (Id.). Yet another search of Coleman's apartment yielded a pyrex container with crack cocaine residue (Id.).

A jury found Defendant guilty as to all seven counts charged against him (doc. 95).  The Court sentenced Petitioner to a total of 180 months in prison (doc. 147).

Petitioner appealed (doc. 149).  On appeal Petitioner argued 1) the government presented insufficient evidence to support his conviction on count four, (possession with intent to distribute cocaine base on December 13, 2007), 2) the government and the police violated his constitutional rights by fabricating evidence, 3) his conviction on count six (felon in possession of a firearm) was based on patently incredible evidence and testimony, 4) the government violated his right to due process by not providing him

3

with the videotape showing the police planted evidence, 5) the government presented insufficient evidence to support his conviction on count five, (possession with intent to distribute cocaine on December 13, 2007), 6) trial counsel rendered ineffective assistance of counsel by promising and then failing to produce testimony that the amount of cocaine in count five was for personal use, 7) the government presented insufficient evidence to support his conviction on count seven, (possession of a firearm in furtherance of drug trafficking), and 8) the district court committed plain error by permitting a witness to testify that Petitioner had a history of drug trafficking. In late May 2012, the Sixth Circuit affirmed Petitioner's conviction and sentence (doc. 172). In March of 2013 Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2255 (doc. 176).

**II. Petitioner's Motion to Vacate His Sentence**

Petitioner alleges twelve grounds for relief in his Petition: eleven of which are premised on the theory of ineffective assistance of counsel (doc. 176). Petitioner raises his claims as follows: 1) ineffective assistance for failure to cross examine confidential informant Jarmon with the audio tapes of controlled purchases, 2) ineffective assistance with regard to impeaching Jarmon about amount of money spent and timing of sales, 3) ineffective assistance with regard to Coleman's testimony because she was motivated to lie to curry favor from police, 4) ineffective

assistance with regard to police testimony about the scale being taken away, 5) ineffective assistance with regard to police testimony about the chase and the gun, which he contends was found in a location far from the foot chase, 6) ineffective assistance with regard to his alleged admission of possession of gun, 7) ineffective assistance with regard to the government's failure to disclose a videotape of Petitioner's 2006 arrest for possession of marijuana, 8) the government denied him due process for not disclosing the 2006 arrest videotape, 9) ineffective assistance of counsel for failure to show drugs in laundry room and in the apartment were not the same, 10) ineffective assistance of counsel for failure to prevent government from presenting false evidence that the drugs in laundry room and apartment were the same, 11) ineffective assistance of counsel because counsel failed to pursue a way to have the audiotapes of the control buys enhanced, and 12) ineffective assistance of counsel in failure to adequately confront, cross-examine, and impeach witness Jarmon (doc. 176).

The government opposes Petitioner's motion, arguing it should be denied in all regards, with no need for an evidentiary hearing (doc. 190).  As all but one of Petitioner's claims are premised on ineffective assistance of counsel, the government invokes the two-part standard of Strickland v. Washington, 466 U.S. 668 (1984) which requires Petitioner to show both that his counsel's performance fell below an objective standard of

5

reasonableness, and that but for the error, the outcome would have been different (Id.). The government argues Petitioner has failed to make such a showing, and his claims fail (Id.). The government contends Counsel's tactical decisions are difficult to attack and that strategic choices are "virtually unchallengeable" (Id. citing Buell v. Mitchell, 274 F.3d at 337, 359 (6th Cir. 2001)). The government further argues that in addition to showing cause, Defendant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Id. citing Strickland, 466 U.S. at 694).

The government first addresses Petitioner's contentions in grounds one and twelve with regard to the testimony of the confidential informant, Darrin Jarmon (Id.). Petitioner contends the government should have presented audio tapes of the controlled buys as evidence that "no transaction occurred" (doc. 176). The government argues defense counsel was reasonable for not bringing attention to the audio tapes "that showed their client selling drugs while armed" (doc. 190). Petitioner replies that the tapes show no such thing (doc. 191). The government contends Petitioner can't show prejudice, in any event, because the tapes were later introduced to the record (doc. 190). Petitioner replies it is "bogus" to argue that introduction of the tapes two years after his trial does not show prejudice (doc. 191).

6

The Court reviewed the audio recordings submitted with Petitioner's motion and agrees with Petitioner that they do not show him "selling drugs while armed." The tapes are of poor quality. In the tapes Officer Fangman identifies himself, the date and time, that he is documenting a controlled buy from Petitioner, and after some time, random clicks and other noises, a voice confirms "a good buy" on November 21, 2007, and a "good purchase" on December 11, 2007. Although the government overstated what the tapes "show," it is clear to the Court that defense counsel was not ineffective for failure to put such evidence before the jury. The tapes could only reinforce to a fact-finder that Petitioner was the repeated target in a weeks-long investigation using a confidential informant. There is no way the tapes could have served to help Petitioner obtain a different outcome had they been presented at trial, when they are cumulative and would only have reinforced the credibility of the witnesses with regard to the transactions.

In ground two, Petitioner similarly argues that the audio tapes show Jarmon purchasing drugs for $10 rather than the $20 police gave him, so that Jarmon's honesty should have been impeached (doc. 176). Petitioner further argues the tapes show the timing of selling drugs to Jarmon and cooking of cocaine would have been impossible (Id.). The government argues again it was a tactical decision on the part of Petitioner's counsel, and therefore such decision cannot be challenged (doc. 190). As

7

indicated above, the Court agrees. Moreover, the Court, having reviewed the tapes does not find evidence, in any event, supporting Petitioner's claims.

In ground three, Petitioner contends his counsel failed to impeach Marquetta Coleman with evidence she received a plea agreement in exchange for her testimony with regard to Petitioner (doc. 176). The government argues this argument fails because there is no record evidence of any such agreement, but in any event it would have been of marginal utility (doc. 190, citing U.S. v. Munoz, 605 F.3d 359, 381-82 (6th Cir. 2010). Petitioner further argues his counsel failed to show inconsistencies in Coleman's testimony regarding who owned the pyrex container (doc. 176). The government responds the record shows her testimony was simply that it belonged to her but that Officer Fangman later recalled otherwise (doc. 190). The Court agrees that Petitioner cannot show the outcome of this trial would have been different had counsel impeached Coleman on this matter.

In ground four Petitioner contends his counsel failed to present evidence that he was relieved from possessing the scale, and but for such failure Petitioner would not have been convicted on Count Five (doc. 176). The government responds that Petitioner's possession of the scale was undisputed, and in any event he was not charged with possession of a scale (doc. 190). The Court notes the Indictment in Count Five charges Petitioner

8

with Possession to Intent to Distribute Cocaine, with relation to the substance found on his person, December 13, 2007, after the chase. There is no basis for Petitioner's claim based on such theory. Petitioner further contends his counsel failed to elicit testimony that the cocaine found on his person was for personal use and not for distribution (doc. 176). The government responds that defense counsel argued in opening statement they would ask the officers about the amount found on Petitioner and that the officers would state it was an amount for personal use (doc. 190). However, the officers actually testified the amount was above an amount for personal use (Id.). The fact that Petitioner's counsel was unable to elicit anticipated testimony is not evidence of ineffectiveness. In any event, there was other evidence that linked Petitioner to the production and distribution of crack, even had it been shown the amounts on his person were for personal use (Id.). Coleman testified she let him prepare crack in her apartment. She testified Petitioner sold out of the laundry room. The V-8 bottles in the apartment and laundry room linked Petitioner to both locations. Jarmon testified he bought crack from Petitioner in three controlled buys. Petitioner's bank receipt was found with the processed crack in the laundry room. There is no way the outcome of this trial would have been different even had counsel been able to elicit testimony regarding the cocaine found on Petitioner's person.

9

In ground five, Petitioner contends his counsel failed to present evidence the police officers were lying about the trajectory of the foot chase, which he contends took him away from the location where the gun was found (doc. 176).  Petitioner contends but for such failure he would not have been convicted of count six, being a felon in possession of a firearm (Id.).  The government contends Petitioner is estopped from making such argument, because the appeals court already rejected it (doc. 190, citing Vanwinkle v. United States, 645 F.3d 365, 369 (6th Cir. 2011)).  The Court agrees.

In ground six, Petitioner contends the recorded statement he made the day of his arrest denying having a gun should have been used by his counsel against witnesses against him, to undermine their credibility (doc. 176).  The government contends it was a strategic decision by counsel and in any event, the trial court rejected this argument specifically at the suppression hearing (doc. 190).  The Court agrees.  The "failure" to repeat an argument at trial already rejected in a pretrial suppression hearing should not serve as a basis for a claim of ineffective counsel.

In grounds seven and eight, Petitioner claims his counsel was ineffective in showing the deceit of the government in failing to disclose the original videotape of his 2006 arrest for possession of marijuana (doc. 176).  The government responds that the trial court rejected such argument, and the record does not

10

show the government failed to disclose any evidence (doc. 190). The Court finds no basis for Petitioner's claim that he was denied due process, or that his counsel was ineffective with relation to the videotape. Moreover, the videotape attached to Petitioner's motion does not show the officers planted marijuana on him.

In grounds nine and ten, Petitioner argues his counsel was ineffective for failing to show evidence that cocaine found in the pyrex container in the apartment and the cocaine in the laundry room were not identical (doc. 176). Petitioner further accuses the government of falsifying test results of the cocaine in these two locations (Id.). The government responds that the Sixth Circuit addressed this issue, and therefore Petitioner is estopped (doc. 190). The Court agrees.

In ground eleven, Petitioner contends his counsel was ineffective in failing to enhance the tapes of the controlled buys (doc. 176). The government responds Petitioner cannot show prejudice, and that in any event it might have been damaging to have done so, so it was not necessarily a bad tactical decision (doc. 190, citing Thorne v. Timmerman-Cooper, 473 Fed. Appx. 457, 468 (6th Cir. 2012)). The Court finds the government's position well-taken.

### III. Conclusion

Having reviewed this matter, the Court finds absolutely no basis for the theory that Petitioner's attorneys were

ineffective in their representation of Petitioner. Their performance was not deficient in any of the challenged aspects raised by Petitioner. Indeed, the Court notes their performance was quite good.

Moreover, the Court cannot see how Petitioner was prejudiced or deprived of a fair trial due to any alleged error. Petitioner has not shown any reasonable probability that the outcome of this matter would have been different due to error. Indeed the record shows the jury had substantial evidence upon which it rendered a verdict as to each count brought against Petitioner. The Court finds no factual disputes requiring resolution so as to rule on this motion: as such, Defendant is not entitled to an evidentiary hearing.

Accordingly, the Court DENIES Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 176), and DENIES AS MOOT all the remaining motions on the docket: Petitioner's Motions for Leave to Conduct Discovery (docs. 182, 192), Petitioner's Motion for Funds for Expert Service/Assistance (doc. 193), Petitioner's Motion to Expedite (doc. 195), and Petitioner's Motion for Evidentiary Hearing and Requesting Appointment of Counsel (doc. 196). The Court further FINDS that a Certificate of Appealability should not issue in this case, and CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith, and any application to

appeal <u>in</u> <u>forma</u> <u>pauperis</u> will be denied.

    SO ORDERED.


Dated: May 14, 2014        <u>s/S. Arthur Spiegel</u>
                                  S. Arthur Spiegel
                                  United States Senior District Judge