**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,            CRIMIAL CASE NO. 1:08-CR-046

        Plaintiff,                        Judge Michael R. Barrett

   v.

OMAR JONES,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's motion seeking relief under Rule 60(b)(4) (the "60(b) motion") (Doc. 203) and Plaintiff's response thereto (Doc. 209). For the reasons that follow, the Court is required to transfer the 60(b) motion to the Sixth Circuit.

## I.    BACKGROUND

Following a trial by jury held May 27–29 and June 2–3, 2009, Defendant was found guilty of counts 1 through 3 (distribution of cocaine based in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c)), count 4 (possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii)), count 5 (possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)), count 6 (felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)), and count 7 (possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i) of the indicted offenses. (Doc. 147). On October 7, 2009, he was sentenced to 120 months on counts 1–6, to be served concurrently, and 60 months on count 7, to be served consecutively to counts 1–6. (Doc. 147).

On March 25, 2013, Defendant moved to vacate his conviction under 28 U.S.C. § 2255. (Doc. 176), which this Court denied. (Doc. 197). The court of appeals denied the certificate of appealability application as to all grounds. (Doc. 200). The Supreme Court of the United States denied review on November 4, 2015. (Doc. 202). Over a year later, on February 1, 2017, Defendant filed the present 60(b) motion. As grounds, Defendant points to an allegedly improperly handled oral motion to dismiss count 7 that was made during his trial.

## II.   STANDARD OF REVIEW

A motion made under Fed. R. Civ. P. 60(b) may, in fact, present a second or successive § 2255 motion if it "'seeks to add a new ground for relief[.]'" *In re Nailor*, 487 F.3d 1018, 1022 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 2648, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)).[1]   A second or successive § 2255 motion requires either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Critically here, such a motion "must be certified as provided in section 2244 by a panel of the appropriate court of appeals" as containing either new evidence or new, retroactive, constitutional law. *Id.* Section 2244(b)(3) provides: "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This precertification is mandatory. *See In*

---

[1] The *Nailor* court concluded that *Gonzalez*'s "reasoning is applicable" to a § 2255 case, even though that case considered §§ 2254 and 2244. *Id.*

*re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the court of appeals], the district court shall transfer the document to [the court of appeals] pursuant to 28 U.S.C. § 1631."); *Albo v. United States*, 498 Fed. Appx 490, 495 (6th Cir. 2012) ("Since [defendant's] Rue 60(b) motion is a second or successive § 2255 motion, the district court should have transferred the case to [the court of appeals] for certification.") (citing *Sims*).

### III.  <u>ANALYSIS</u>

Defendant's 60(b) motion plainly seeks to add a new ground for relief following a determination on the merits of his original § 2255 motion.  It is therefore second or successive for purposes of § 2255(h).  Defendant offers no reason why this new claim could not have been raised in the original § 2255 motion.  Regardless, the Court is without jurisdiction to consider a second or successive § 2255 motion without the Sixth Circuit's prior authorization.

### IV.  <u>CONCLUSION</u>

The Clerk is hereby directed to **TRANSFER** Defendant Omar Jones's 60(b) motion (Doc. 203) to the United States Court of Appeals for the Sixth Circuit as a second or successive motion pursuant to 28 U.S.C. § 1631 for authorization under 28 U.S.C. § 2244(b)(3)(A).

**IT IS SO ORDERED**.

s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court
